The Law Office of James M. Branden
80 Bay Street Landing, Suite 7J
Staten Island, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: United States v. Carlos Perez,
Cr. Docket No. 22-74 (LGS)

Dear Judge Schofield:

I represent Mr. Perez in the above referenced matter, having just filed a notice of appearance minutes ago.

I am appointed counsel to him on his appeal of the above-referenced conviction. Find my notice of appearance in that matter attached.

On June 30, 2026, Mr. Perez was sentenced to, *inter alia*, a term of imprisonment of 14 months. He is scheduled to surrender to the Fort Dix Satellite Camp on September 15, 2026.

Meanwhile, on the appeal, I have ordered the necessary minutes of the guilty plea and sentencing but have not yet received them. When I do, I will ask the Court of Appeals for a brief-due date 90 days hence. After I file my brief, the government will likely also seek 90 days to respond. I may file a reply, I may not. Depending in part on whether I seek oral argument, the Court of Appeals will either schedule oral argument or schedule an on-submission date and sometime thereafter a decision will be rendered. At best, in my experience (which exceeds 25 years in this area), a decision is at least one year from now.

Obviously, the present surrender date of September 15, 2026, frustrates Mr. Perez's appeal, which, I understand from him, will only consist of an attack on the substantive reasonableness of the prison term.

While at this point the Court knows more about Mr. Perez than I do, I have been informed at least that he is employed, has a stable residence, and he has three children aged 17, 7 and 5. He

is engaged in their welfare.

Because the present surrender date will moot the appeal, I ask that Mr. Perez's surrender date be moved to September 15, 2027. Should that extension not prove sufficient I will write again around Labor Day next year with a second request for an extension, though certainly a shorter one.

I have left several email messages for the government about this request (the first on August 31), and neither AUSA Brandon Thompson nor AUSA David Lewis (the only two Assistants mentioned in the Docket) has responded.

Respectfully submitted,

James M. Branden

Enc.

Under the Bail Reform Act, it is presumed that a defendant who has received a sentence of imprisonment will be detained pending appeal. *See* 18 U.S.C. § 3143(b). That presumption may be overcome if the Court finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial or a non-carceral sentence. 18 U.S.C. § 3143(b)(1). A court determines whether a question is substantial by considering whether the question is "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985); *United States v. Menendez*, No. 23 Crim. 490, 2025 WL 1212152, at *2 (S.D.N.Y. Apr. 25, 2025).

Defendant's application to stay his surrender date is DENIED because he has failed to rebut the presumption of detention pending appeal. Defendant represents that he intends to appeal the substantive reasonableness of his sentence but identifies no law or facts demonstrating that such an appeal would raise "a substantial question of law or fact" likely to result in reversal, a new trial or a non-carceral sentence, particularly under "abuse-of-discretion" review. *See United States v. DeJesus*, 182 F.4th 233, 240 (2d Cir. 2026).

The Clerk of the Court is directed to terminate the letter motion at docket number 14.

Dated: September 9, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

Short Title: United States v. Carlos Perez Docket No.: 26-1865

Lead Counsel of Record (name/firm) or Pro se Party (name): James M. Branden, The Law Offices of James M. Branden

Appearance for (party/designation): Carlos Perez

## DOCKET SHEET ACKNOWLEDGMENT/AMENDMENTS

**Caption** as indicated is:
( ✓ ) Correct
( ) Incorrect. See attached caption page with corrections.

**Appellate Designation** is:
( ✓ ) Correct
( ) Incorrect. The following parties do not wish to participate in this appeal:
Parties: ____________________
( ) Incorrect. Please change the following parties' designations:

Party | Correct Designation

**Contact Information** for Lead Counsel/Pro Se Party is:
( ✓ ) Correct
( ) Incorrect or Incomplete, and should be amended as follows:

Name: ____________________
Firm: ____________________
Address: ____________________
Telephone: ____________________ Fax: ____________________
Email: ____________________

## RELATED CASES

( ✓ ) This case has not been before this Court previously.
( ) This case has been before this Court previously. The short title, docket number, and citation are: ____________________

( ) Matters related to this appeal or involving the same issue have been or presently are before this Court. The short titles, docket numbers, and citations are: ____________________

## CERTIFICATION

I certify that ( ✓ ) I am admitted to practice in this Court and, if required by LR 46.1(a)(2), have renewed my admission on April 2, 2015 OR that ( ) I applied for admission on ____________________ or renewal on ____________________. If the Court has not yet admitted me or approved my renewal, I have completed Addendum A.

Signature of Lead Counsel of Record: /s James M. Branden
Type or Print Name: James M. Branden
OR
Signature of pro se litigant: ____________________
Type or Print Name: ____________________
( ) I am a pro se litigant who is not an attorney.
( ) I am an incarcerated pro se litigant.

# ADDENDUM A TO ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

**Instructions:** This addendum must be (1) completed by counsel whom the Court has not yet admitted or approved for renewed admission, (2) submitted in CM/ECF as a separate attachment when filing the Acknowledgment and Notice of Appearance (use the multiple attachments option in CM/ECF when filing the Acknowledgment and Notice of Appearance) with client personal contact information redacted, and (3) submitted in unredacted form in accordance with the procedures outlined in Interim Local Rule 25.2(c) and (d). If counsel represents multiple parties in the same appeal for which the Acknowledgment and Notice of Appearance is being filed, the attorney must separately list each client and provide the client's personal contact information. Attach additional pages as necessary.

**Case Information:**

Short Title: United States v. Carlos Perez Docket Number: 26-1865

**Personal Contact Information:**

Client 1:

Name: Carlos Perez
Address: [Redacted]
Telephone: Fax:
Email:

Client 2:

Name:
Address:
Telephone: Fax:
Email:

Client 3:

Name:
Address:
Telephone: Fax:
Email:

Client 4:

Name:
Address:
Telephone: Fax:
Email:

Client 5:

Name:
Address:
Telephone: Fax:
Email: